# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

JAWAN MARTIN

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-30577

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. Defendant is charged, along with several others, with multiple bank robberies (March 16, 2006 - November 14, 2007) and possession of firearms. During one of the eight alleged bank robberies (November 14, 2007 in Sterling Heights) a bank teller was shot in the leg. The shooter (Andre Jones) is an alleged associate of Defendant and is married to Sparkle Eldridge. Both Jones and Eldridge are co-defendants.

CONTINUE ON PAGE TWO

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| December 17, 2007 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is essentially unemployed although he claims to be a self-employed music producer whose last earned income in this capacity was $150 in September, 2007. He also says that he does odd jobs, but claims that his last earned income in this capacity was in October, 2007. His mother stated that he worked for the Detroit Public School System in 2005 in the food service in 2005 for one year. Defendant is 27 years old and has a long history of multiple contacts with the court system dating back to 2003. He has five outstanding warrants for failure to appear. He was on probation in state court for an August 2006 felony weapons conviction with these charges were issued. His probation officer is now requesting a warrant.

At the detention hearing, testimony was given by the case agent that following the alleged November 14, 2007 shooting of the bank teller, Jones fled to 15754 Southfield Service Drive where he was taken into custody. FBI Case Agent Todd Reineck testified that Defendant Martin also resides at 15770 Southfield Service Drive on a regular basis, according to a statement given by Sparkle Eldridge, Jones' wife. A search of the premises produced the following evidence: two AK 47's, a sawed off shotgun, another long gun, 2 bullet proof vests, sketches of the interior of a bank, spent shell casings, dye- stained money (allegedly the fruits of one or more of the bank robberies) and a journal listing numerous banks by name and address. In her statement, Sparkle Eldridge allegedly identified her husband, Andre Jones as a participant in several of the bank robberies. She admitted that she herself participated in two of the bank robberies as a driver, and that she was aware of five bank robberies. Also involved in the multiple bank robberies, according to Sparkles Eldridge, were Jawan Martin, Torez Rivers, and Frederick Samuel Humes Jr. (a.k.a. "Big Cuz"). Martin also lives at a second residence, specifically 1150 Burlingame, Detroit, MI., when he wasn't staying with Andre Jones and his wife, Sparkles Eldridge. When the Burlingame residence was searched on November 14, 2007 Martin, Rivers and Humes were all there and clothes matching the clothes seen on the videos of some of the robberies were retrieved.

Surveillance was done on all five of the robberies. According to the videos and photos, Martin drove a green Chevy Tahoe owned by Humes, Jr., which matches the vehicle seen in the surveillance tapes of the Toledo robbery (one of the 8 alleged bank robberies).

Defendant is viewed as a risk of flight and a danger to the community, based upon the nature of the charges and the fact that this defendant is facing potentially 185 years (mandatory minimum on the 924 (c) charges alone), without taking into consideration convictions on any of the bank robbery charges). In these cases, it is alleged that defendants participated in the shooting of a police officer and a teller, in separate instances. Danger is a substantial factor in this court's determination that no conditions of bond will assure either the safety of the community or the appearance in court of this defendant. **Detention is therefore Ordered.**